THOMAS M. HOIDAL, State Bar No. 007194
Law Office of Thomas M. Hoidal, P.L.C.
111 W. Monroe St., Suite 1210
Phoenix, AZ 85003
thoidal@hoidallawoffice.com
Telephone: (602) 254-0202
Facsimile: (602) 254-0404

Attorney for Defendant C.R. Bard, Inc.
and Defendant Davol, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br>Plaintiff,<br>v.<br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br>Defendant. | Civil Action No. ________________<br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol, Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Superior Court of Arizona in and for Maricopa County, Arizona, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Complaint filed in Maricopa County Superior Court on or about June 29, 2007. Bard was served with the Complaint on October 17, 2007. Davol was served with the Complaint on October 18, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court of Arizona in and for Maricopa County, Arizona, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 82.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol and Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Superior Court of Arizona in and for Maricopa County, Arizona, where Plaintiff's Complaint is pending. A copy of this Notice of Removal of Action to Federal Court is attached as Ex. B and the written notice of same provided to the state court is also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount in damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the

Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 8 & 12). Plaintiff alleges that due to its allegedly defective design, the Composix® Kugel® hernia patch failed, causing Plaintiff to suffer "severe and permanent injuries…great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life." (*See id.* ¶¶ 36-37). Plaintiff further alleges that she has sustained "extensive medical expenses", disfigurement, "a loss of income and a loss of earning capacity", and also suffered substantial economic hardship. (*See id.* ¶¶ 38-41. *See also id.* ¶¶ 51-54, ¶¶ 71-74, ¶¶ 84-87, and ¶¶ 97-100). Plaintiff seeks recovery for "general damages", damages for "pain and suffering", "special damages", for costs incurred by Plaintiff, damages for "intentional infliction of emotional distress", and punitive damages. (Compl. "Prayer").

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra*). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. *See, e.g., see also Poston v. Davol Inc., et al.*, No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000") (Ex. C); *Risley v. Davol Inc., et al.*, 07-cv-0806 (S.D. Cal.) (alleging damages in excess of requisite amount required by 28 U.S.C. § 1332) (Ex. D); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Are Completely Diverse**

9. Plaintiff is a resident and citizen of Maricopa County, Arizona. (*See* Compl. ¶ 1.)

10. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

12. Defendant "John Doe I" is named and sued fictitiously, and consequently his citizenship is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Superior Court of Arizona in and for Maricopa County, Arizona, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

DATED this 5th day of November, 2007.

Law Office of Thomas M. Hoidal, P.L.C.

/Thomas M. Hoidal
THOMAS M. HOIDAL
*Attorney for Defendant C.R. Bard, Inc. and Defendant Davol, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 5th day of November, 2007, a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record in the manner indicated below.

Frank Verderame, Esq.
P.O. Box 36570
Phoenix, AZ 85067-6570
(602) 266-2002
*first class mail, postage pre-paid*

by: /Thomas M. Hoidal