# Exhibit "A"

Copy of all process, pleadings and orders served upon defendants

MICHAEL K. JEANES, CLERK
BY N. De La Cruz DEP
FILED
2007 OCT 22 PM 2: 41

Plattner Verderame PC
316 E Flower
Phoenix AZ 85012

IN THE SUPERIOR COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

| | |
|---|---|
| CARMELA R BRADBURY, Plaintiff, vs. CR BARD INC., ET AL., Defendants. | CASE # CV2007-011684<br>CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER |

ORIGINAL

Jason Stoor, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

Service was ATTEMPTED as follows:

Service was made upon CR Bard Inc. c/o CT Corp., by leaving documents with Duc Le, who was authorized to accept, at 2394 E Camelback, Phoenix AZ, on October 17, 2007 at 9:00a.m.

DATED: 10-17-07

JASON STOOR

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 24.00 min mileage
16.00 service
10.00 document prep.
$ 50.00 TOTAL

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/(480) 464-8484

MICHAEL K. JEANES, CLERK
BY M. De La Cruz DEP
FILED

2007 OCT 22 PM 2:41

**PLATTNER VERDERAME PC**
P.O. Box 36570
Phoenix, AZ 85067-6570
Telephone: 602-266-2002
E-mail: pvpc@plattner-verderame.com
Frank Verderame
State Bar No. 007519

ORIGINAL

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br><br>Defendants. | **NO.** CV2007-011684<br><br>**SUMMONS**<br><br>IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |

**THE STATE OF ARIZONA TO THE DEFENDANT:**

**C. R. BARD, INC.**
**c/o CT Corporation System**
**2394 E. Camelack Rd.**
**Phoenix, AZ 85016**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered or certified mail, or by publication-you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle

Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. RCP 10(d); ARS Section 12-311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

A copy of the Summons and Complaint may be obtained from plaintiff's attorney: Plattner Verderame, P.C., P.O. Box 36570, 316 East Flower Street, Phoenix, Arizona 85067-6570.

SIGNED AND SEALED this date: JUN 29 2007

Clerk MICHAEL K. JEANES, CLERK

MICHAEL K. JEANES, CLERK

By: M. L

Deputy Clerk

S:\docs\Bradbury\Pleadings\Summons - Bard doc

**PLATTNER VERDERAME PC**
P.O. Box 36570
Phoenix, AZ 85067-6570
Telephone: 602-266-2002
E-mail: pvpc@plattner-verderame.com
Frank Verderame
State Bar No. 007519

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

2007 OCT 22 PM 2:41

FILED
BY [signature], DEP

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br><br>Defendants. | **NO.** CV2007-011684<br><br>**AFFIDAVIT OF SERVICE OF PROCESS PURSUANT TO RULE 4.2(C)** |

STATE OF ARIZONA )
) ss:
County of Maricopa )

Frank Verderame, being first duly sworn upon his oath, deposes and states:

1. Defendant Davol, Inc. is located outside the state of Arizona.

2. Pursuant to Rule 4.2(c), A.R.C.P., a copy of the Summons, Complaint,Certificate on Compulsory Arbitration, and Demand for Jury Trial were dispatched by "Certified Mail – Return Receipt Requested" to Daniel LaFever, President, Davol, Inc., 100 Sockanossett Crossroad, Cranston, RI 02920.

3. These documents were in fact received by Davol, Inc. as evidenced by the Receipt, a copy of which is attached hereto.

4. The receipt indicated delivery to Davol, Inc. on October 18, 2007. The return receipt was received by the undersigned on October 22, 2007.

5. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 22nd day of October, 2007.

PLATTNER VERDERAME PC

By ______________________
Frank Verderame
P.O. Box 36570
Phoenix, AZ 85067-6570
Attorneys for Plaintiff

SUBSCRIBED AND SWORN to before me by Frank Verderame this 22nd day of October, 2007.

______________________
Notary Public

My Commission Expires:
May 30, 2008

OFFICIAL SEAL
ERIKA I. DEGRAVE
NOTARY PUBLIC - STATE OF ARIZONA
MARICOPA COUNTY
My Commission Expires May 30, 2008

S:\docs\Bradbury\Pleadings\Aff of Svc.Davol.doc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Daniel LaFever
President
Davol, Inc.
100 Sockanossett Cross Road
Cranston, RI.
02920

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x R. Duquette ☐ Agent ☑ Addressee

B. Received by (Printed Name): R. DUQUETTE

C. Date of Delivery: OCT 18 2007

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 2007
PLAT... VERDE... PO

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7002 2030 0002 9138 7332

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
10/3/2007
Clerk of the Court

Ct. Admin
Deputy

9/29/2007

COURT ADMINISTRATION

**Case Number:** CV2007-011684

**Carmella R Adams Bradbury**

**V.**

**C R Bard Inc**

---

The Judge assigned to this action is the Honorable Edward Burke

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 6/29/2007 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 10/29/2007. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.

Superior Court of Maricopa County - integrated Court Information System

**Endorsee Party Listing**

Case Number: CV2007-011684

| Party Name | Attorney Name | |
|---|---|---|
| Carmella R Adams Bradbury | FRANK VERDERAME | Bar ID: 007519 |

MICHAEL K. JEANES
Clerk of the Superior Court

By MIREKA KNOX, Deputy
Date 06/29/2007 Time 02:35 PM

| Description | Qty | Amount |
|---|---|---|
| CASE# CV2007-011684 | | |
| CIVIL NEW COMPLAINT | 001 | 245.00 |
| TOTAL AMOUNT | | 245.00 |

Receipt# 00009024220

**PLATTNER VERDERAME PC**
P.O. Box 36570
Phoenix, AZ 85067-6570
Telephone: 602-266-2002
E-mail: pvpc@plattner-verderame.com
Frank Verderame
State Bar No. 007519

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br>Plaintiff,<br>v.<br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br>Defendants. | **NO.** CV2007-011684<br>**COMPLAINT**<br>(Negligence / Products Liability) |

For her complaint against defendants, plaintiff alleges as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff is a resident of Maricopa County, State of Arizona. The acts complained of herein occurred in Maricopa County, Arizona.

2. Defendant C.R. Bard, Inc. ("Bard") is a foreign corporation licensed to conduct business in the State of Arizona, County of Maricopa.

3. Defendant Davol, Inc. ("Davol") is a foreign corporation and a subsidiary of defendant Bard.

4. Defendant DAVOL manufactures the Composix® Kugel Mesh Patches ("Kugel Patch"). DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

5. Defendant, BARD is a corporation that is incorporated under the laws

of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant hereto had a registered agent in Arizona at CT Corporation System, 2394 E. Camelback Rd., Phoenix, AZ 85016.

6. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into plaintiff Bradbury's body.

7. Defendant JOHN DOE I, who name is currently unknown, is the manufacturer's representative who sold the Composix Kugel Patch which was inserted into plaintiff Bradbury's body. Upon information and belief, JOHN DOE I was a citizen and resident of Maricopa County, Arizona at all times relevant hereto. As soon as the true name of JOHN DOE I becomes known, plaintiff will request leave of the Court to amend her complaint accordingly.

8. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into plaintiff Bradbury's body.

9. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

10. Immediately after the Kugel Patches were placed on the market, DAVOL and BARD began receiving actual notices of memory ring failures and Kugel Patch defects. DAVOL and BARD actively and intentionally concealed this notice of the defective and dangerous condition associated with the Kugel Patches from plaintiff, plaintiff's physicians, and the general public.

11. After the defective and dangerous Kugel Patch was already placed on the market, Defendants DAVOL and BARD conducted physician screenings and reviews as early as 2002. An Establishment Inspection Report ("EIR") conducted by the FDA in 2006 found that the post market survey validation process of the device was incomplete and failed to include all the data from the physicians surveyed during this time. Whether intentionally or negligently, BARD and DAVOL failed to properly conduct and monitor their own post market design validation physician surveys including those which demonstrated unfavorable or "dissatisfied" results. These complaints and concerns of the physician surveyors were actively concealed by DAVOL and BARD from plaintiff, plaintiff's surgeons, and the public at large.

12. On May 25, 2004, plaintiff had a ventral incisional hernia repair performed at Arrowhead Hospital in Phoenix, Arizona. Plaintiff had a Composix Kugel Patch implanted during this procedure.

13. On June 29, 2005, plaintiff had a small bowel obstruction repaired which had been caused by portions of the small bowel adhering to the edge of the Composix Kugel Patch implanted previously. The surgeon elevated the mesh and dissected the small bowel free from the mesh so that the involved loop of the mesh could be freed.

14. The Composix Kugel Patch hernia repair product implanted in plaintiff was designed, manufactured, sold and distributed by DAVOL and BARD to be used by surgeons for hernia repair surgeries and was further represented by DAVOL and BARD to be an appropriate, cost-effective and suitable product for such purpose.

15. No later than September 2004, Defendants uncovered serious

problems with the weld process involving the memory recoil ring. Despite attempts to correct the problem at the plant, BARD and DAVOL found the corrective measures to be ineffective and the process still not in control. DAVOL and BARD were aware these weld issues had existed from the time the Kugel Patches were originally placed on the market and all current lots suffered from this dangerous defect. This information was intentionally withheld at this time from plaintiff, plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring.

16. During the 2006 EIR, corporate executives informed the FDA that the spring and summer period of 2005 showed a marketed increase in the number of complaints with the Kugel Patch and the memory recoil ring. In spite of their knowledge of increasing complaints and complications, DAVOL and BARD waited until August 30, 2005 to initiate a partial Kugel Patch distribution hold. DAVOL and BARD actively and intentionally chose not to immediately inform plaintiff, plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring. DAVOL and BARD waited until December 2005 to notify the public of the potential severity of the complications which were resulting from the dangerous and defective Kugel Patches and have since admitted that the product quality hold and release procedure was not applied on a timely basis.

17. An FDA Class I recall is issued for problems related to medical devices

that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

18. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

19. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

20. The FDA conducted the aforementioned EIR investigations in January and February of 2006. The results of these investigations determined, among other things, that BARD and DAVOL:

i. had excluded ring failure events which should have been included from their complication database, reports, and recall notices;
ii. misidentified numerous Kugel Patch complication events;
iii. failed to apply the product quality hold and release procedure on a timely basis;
iv. failed to properly follow the procedures for conducting design validation review;
v. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications; specifically, they provided no justification for including only the Extra Large Kugel Patch sizes in the December 2005 recall;
vi. failed to provide full information which they knew regarding numerous Kugel Patch complaints;
vii. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;
viii. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual

complaints and what was placed in the electronic databases.

21. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

22. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

23. Plaintiff was never informed by Defendants of the defective, dangerous, and recalled nature of the Kugel Patch and memory recoil ring which had been implanted until well after discovering of Bard's and Davol's FDA recall of the product.

24. In mid-2006, plaintiff began to develop diffuse abdominal pain which became progressively worse, and on June 29, 2006, she underwent a procedure to remove the Kugel mesh which had caused an infection. Plaintiff has undergone numerous procedures as a result of the infection caused by the Kugel mesh.

25. Davol and Bard withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product, including the patch implanted in plaintiff.

26. Upon information and belief, Davol and Bard failed to comply with the FDA application and reporting requirements.

27. Upon information and belief, Davol and Bard were aware of the high

degree of complication and failure rate associated with their Composix Kugel Patches before they were recalled.

28. Upon information and belief, Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Patches.

**COUNT I**

**(Negligence)**

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs I through 28 of this Complaint as if fully set forth herein.

30. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

31. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

32. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the

use and purpose for which it was intended.

33. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of plaintiff.

34. Defendants DAVOL and BARD owed a duty to plaintiff to adequately warn her and hers treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

35. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

36. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in plaintiff's hernia repair surgery failed, resulting in plaintiff suffering pain and harm.

37. As a direct and proximate result of the negligence of defendants, plaintiff sustained severe and permanent injuries and suffered great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life.

38. As a further direct and proximate result of the negligence of defendants, plaintiff has been required and will in the future be required, to pay extensive medical expenses.

39. As a further direct and proximate result of the negligence of defendants, plaintiff has suffered disfigurement.

40. As a further direct and proximate result of the negligence of defendants, plaintiff has sustained a loss of income and loss of earning capacity.

41. As a further direct and proximate result of the negligence of defendants, plaintiff has suffered substantial economic hardship.

42. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

43. Defendants' conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT II**

**(Strict Product Liability)**

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. DAVOL, BARD and John Doe I designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

46. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Plaintiff's Composix Kugel Patch was a Class I recalled device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of her Composix Kugel Patch.

47. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

48. The Composix Kugel Patch implanted into plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

49. The Composix Kugel Patches, like the one found in plaintiff, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to plaintiff as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Composix Kugel Patch as designed and manufactured was unsafe to plaintiff;

iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to plaintiff;

iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like plaintiff, would expect;

v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

50. As a direct and proximate result of the actions of defendants, plaintiff sustained severe and permanent injuries and suffered great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life.

51. As a further direct and proximate result of the actions of defendants, plaintiff has been required and will in the future be required, to pay extensive medical expenses.

52. As a further direct and proximate result of the actions of defendants, plaintiff has suffered disfigurement.

53. As a further direct and proximate result of the actions of defendants, plaintiff has sustained a loss of income and loss of earning capacity.

54. As a further direct and proximate result of the actions of defendants, plaintiff has suffered substantial economic hardship.

55. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

56. Defendants' conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT III**

**(Intentional Infliction of Emotional Distress)**

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Defendants DAVOL and BARD are liable to plaintiff for the intentional infliction of emotional distress.

59. Plaintiff suffered severe emotional distress, as a result of defendants' extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

60. Plaintiff suffered severe emotional distress, which was as a result of defendants' extreme outrageous, intentional, willful, and reckless conduct in failing

to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to plaintiff.

61. As a direct and proximate result of the intentional and wanton acts set forth above, plaintiff has suffered and continues to suffer severe emotional distress.

62. As a further direct and proximate result of the intentional, willful and wanton acts set forth above, plaintiff has suffered and will, in the future, suffer substantial economic hardship.

63. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

64. Defendants' conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT IV**

**(Breach of Implied Warranty)**

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Defendants are liable to plaintiff for their breach of implied warranty.

Defendants sold the Kugel Patch which was implanted in plaintiff. DAVOL and BARD impliedly warranted to plaintiff, hers physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

67. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

68. Plaintiff, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

69. When the Composix Kugel Patches was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

70. As a direct and proximate result of the actions of defendants, plaintiff sustained severe and permanent injuries and suffered great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life.

71. As a further direct and proximate result of the actions of defendants, plaintiff has been required and will in the future be required, to pay extensive

medical expenses.

72. As a further direct and proximate result of the actions of defendants, plaintiff has suffered disfigurement.

73. As a further direct and proximate result of the actions of defendants, plaintiff has sustained a loss of income and loss of earning capacity.

74. As a further direct and proximate result of the actions of defendants, plaintiff has suffered substantial economic hardship.

75. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

76. Defendants' conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT V**

**(Failure to Warn)**

77. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch to Arrowhead Hospital for hernia repair

surgeries.

79. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time plaintiff received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

80. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and infection which would require subsequent surgical procedures and could result in severe injuries.

81. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time plaintiff had her hernia repair surgery, the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

82. Plaintiff did not know at the time of use of the Composix Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Patches.

83. As a direct and proximate result of the failure to warn of defendants, plaintiff sustained severe and permanent injuries and suffered great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life.

84. As a further direct and proximate result of the failure to warn of defendants, plaintiff has been required and will in the future be required, to pay extensive medical expenses.

85. As a further direct and proximate result of the failure to warn of defendants, plaintiff has suffered disfigurement.

86. As a further direct and proximate result of the failure to warn of defendants, plaintiff has sustained a loss of income and loss of earning capacity.

87. As a further direct and proximate result of the failure to warn of defendants, plaintiff has suffered substantial economic hardship.

88. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

89. Defendants' conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**COUNT VI**

**(Fraud / Fraudulent Concealment)**

90. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch for hernia repair surgeries.

92. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time plaintiff received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

93. BARD, DAVOL and John Doe I were aware of the dangerous and defective condition of the products and intentionally withheld this information from plaintiff, plaintiff's physicians, and the general public even though these significant dangers were not readily obvious to the ordinary user of the products, even after a post surgical complication had arisen.

94. Defendants fraudulently presented to plaintiff, plaintiff's physicians, and the general public that the Kugel Patch was a safe and effective product while they were fully aware that the dangerous and defective nature of the Kugel could and would cause injuries such as those suffered by plaintiff. Further, defendants

fraudulently concealed, from the plaintiff and the public, the existence of potential claims and lawsuits, including the claims stated in this complaint.

95. Plaintiff and plaintiff's physicians relied upon the fraudulent misrepresentations and concealments of Defendants and allowed for the defective Kugel Patch to be implanted.

96. As a direct and proximate result of the fraudulent representations of defendants, plaintiff sustained severe and permanent injuries and suffered great pain, anxiety and emotional anguish, as well as a decrease in the quality of her life.

97. As a further direct and proximate result of the fraudulent representations of defendants, plaintiff has been required and will in the future be required; to pay extensive medical expenses.

98. As a further direct and proximate result of the fraudulent representations of defendants, plaintiff has suffered disfigurement.

99. As a further direct and proximate result of the fraudulent representations of defendants, plaintiff has sustained a loss of income and loss of earning capacity.

100. As a further direct and proximate result of the fraudulent representations of defendants, plaintiff has suffered substantial economic hardship.

101. Plaintiff has been damaged in an amount which exceeds the minimum jurisdictional requirements of this Court.

102. Defendants' conduct in continuing to market, sell and distribute the

Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

A. For special damages in an amount to be proven at trial;

B. For punitive damages in an amount appropriate to punish defendants, and to deter such conduct in the future;

C. For fair and reasonable general damages, pain and suffering, in an amount to be proven at trial;

D. For plaintiff's damages as a result of defendants' intentional infliction of emotional distress in an amount to be proven at trial;

E. For plaintiff's costs incurred herein; and

F. For such other and further relief as the Court deems fair and reasonable.

. . . .

. . . .

. . . .

. . . .

DATED this 29th day of June, 2007.

PLATTNER VERDERAME PC

By [signature]
Frank Verderame
P.O. Box 36570
Phoenix, AZ 85067-6570
Attorneys for Plaintiff

S:\docs\Bradbury\Pleadings\Complaint.doc

MICHAEL K. JEANES, CLERK
BY M. Knox DEP
FILED

2007 JUN 29 PM 2:32

**PLATTNER VERDERAME PC**
P.O. Box 36570
Phoenix, AZ 85067-6570
Telephone: 602-266-2002
E-mail: pvpc@plattner-verderame.com
Frank Verderame
State Bar No. 007519

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br><br>Defendants. | **NO.** CV2007-011684<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by complainants, including punitive damages, but excluding interest, attorneys' fees, and costs, does exceed the limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

. . . .

. . . .

. . . .

. . . .

. . . .

DATED this 29th day of June, 2007.

PLATTNER VERDERAME PC

By ______________________

Frank Verderame
P.O. Box 36570
Phoenix, AZ 85067-6570
Attorneys for Plaintiff

MICHAEL K. JEANES, CLERK
BY M. Knox DEP
FILED

2007 JUN 29 PM 2: 32

**PLATTNER VERDERAME PC**
P.O. Box 36570
Phoenix, AZ 85067-6570
Telephone: 602-266-2002
E-mail: pvpc@plattner-verderame.com
Frank Verderame
State Bar No. 007519

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| CARMELLA R. ADAMS BRADBURY, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a foreign corporation; DAVOL, INC., a subsidiary of C.R. BARD, INC.; JOHN DOE I,<br><br>Defendants. | **NO.** CV2007-011684<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through undersigned counsel, hereby demands trial by jury on all issues.

DATED this 29th day of June, 2007.

PLATTNER VERDERAME PC

By [signature]
Frank Verderame
P.O. Box 36570
Phoenix, AZ 85067-6570
Attorneys for Plaintiff

S:\docs\Bradbury\Pleadings\Demand for Jury Trial.doc